```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF INDIANA
                             SOUTH BEND DIVISION


MAURICE JOHNSON-BEY,              )
                                  )
            Plaintiff,            )
                                  )
     v.                           )      NO. 3:09-CV-0249
                                  )
INDIANA DEPARTMENT OF             )
CORRECTIONS, et al.,              )
                                  )
            Defendants.           )
*****************************************************************
AURELIUS ALLEN-BEY,               )
                                  )
            Plaintiff,            )
                                  )
     v.                           )      NO. 3:09-CV-0265
                                  )
INDIANA DEPARTMENT OF             )
CORRECTIONS, et al.,              )
                                  )
            Defendants.           )
*****************************************************************
NELSON HARRIS-EL,                 )
                                  )
            Plaintiff,            )
                                  )
     v.                           )      NO. 3:09-CV-0266
                                  )
INDIANA DEPARTMENT OF             )
CORRECTIONS, et al.,              )
                                  )
            Defendants.           )
*****************************************************************
ANTONIO PUTMAN-BEY,               )
                                  )
            Plaintiff,            )
                                  )
     v.                           )      NO. 3:09-CV-0267
                                  )
INDIANA DEPARTMENT OF             )
CORRECTIONS, et al.,              )
                                  )
            Defendants.           )
```

**OPINION AND ORDER**

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the Court **DISMISSES** the Plaintiffs' complaints pursuant to 28 U.S.C. section 1915A(b)(1).

BACKGROUND

Maurice Johnson-Bey, Aurelius Allen-Bey, Nelson Harris-El, and Antonio Putman-Bey, prisoners housed at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. section 1983, alleging that "the defendants violated their right to practice their religion unmolested." (Complaint at 1). The Court split the complaint into four separate cases because joinder was improper pursuant to Rule 20 of Federal Rules of Civil Procedure. But for reasons of judicial economy the Court now consolidates the four cases for the purpose of screening the Plaintiffs' complaints pursuant to 28 U.S.C. section 1915A(a).

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for

2

failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

3

> When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quotation marks and citations omitted).

The Plaintiffs allege that they are members of the Moorish Science Temple of America, Inc., ("MSTA") and that under Islamic Law MSTA members "are not to consume any pork products." (Complaint at p. 2). They state that the prison provides "a Halal diet designed for members of the Moslem belief and faith" to avoid pork products, but that on April 8, 2009, "the defendants served the plaintiffs pork ham on the Halal diet" trays. (Complaint at p. 2). The plaintiffs seek declaratory and injunctive relief, $3,500,000 in compensatory damages, and $3,500,000 in punitive damages.

<u>Class Action Request</u>

The Plaintiffs request that they be allowed to maintain a class action on behalf of "ALL PRESENT AND FUTUER (sic) MEMBERS OF THE MOORISH SCIENCE TEMPLE OF AMERICA, WHO ARE AND WILL BE CONFINED AT THE INDIANA STATE PRISON." (Complaint at 2). "Under Rule 23(a)(4), a class action representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly

4

too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). *See also Caputo v. Fauver*, 800 F.Supp. 168, 170 (D. N.J. 1992)(noting that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."). Each of these plaintiffs is *pro se* and none of them can fairly and adequately protect the interests of the proposed class.

Eleventh Amendment

The Plaintiffs name the Indiana Department of Correction ("IDOC"), IDOC Commissioner Edwin Buss, ISP Superintendent Mark Levenhagen, and Aramark Food Service employees Donna Russell, Malinda Mann, Barny Turnupseed, and Wayne Peeples as Defendants. The Constitution's Eleventh Amendment provides that: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the IDOC as well as to the State itself. *Kashani v. Purdue*

5

*University*, 813 F.2d. 843, 845 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Accordingly, the Indiana Department of Correction is not a proper Defendant in this action.

State Law Claims

The Plaintiffs allege that the Defendants violated rights protected by the Free Exercise Clause of First Amendment to the United States Constitution and the Fourteenth Amendment's Equal Protection Clause. They also assert that the Defendants' actions violated Articles 1, 3, and 4 of Indiana's Constitution.

The Plaintiffs bring these actions under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the Plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The Plaintiffs' claim that the Defendants' actions violated

provisions of the Indiana Constitution states no claim upon which relief can be granted under section 1983.

First and Fourteenth Amendment Claims

Prison administrators must permit inmates a reasonable opportunity to exercise religious freedom. *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972). An inmate's religious rights are subject to restriction, however, and "a prison inmate retains [only] those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights . . .". *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). Federal courts may not interfere in the daily administration of state prisons barring substantial evidence that they have acted disproportionately to correctional needs. *Pell*, 417 U.S. at 827.

The Fourteenth Amendment's equal protection clause prohibits discrimination and requires the evenhanded treatment of all religions.

> In providing [inmates the] opportunity [to practice their religion], the efforts of prison administrators, when assessed in their totality, must be evenhanded. Prisons cannot discriminate against a particular religion. The rights of inmates belonging to minority or non-traditional religions must be respected to the same

7

degree as the rights of those belonging to larger and more traditional denominations. Of course, economic and, at times, security constraints may require that the needs of inmates adhering to one faith be accommodated differently from those adhering to another. Nevertheless, the treatment of all inmates must be qualitatively comparable.

*Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991) (citations omitted).

Aramark Food Services Corporation has a contract with the IDOC to provide meals to inmates. Aramark provides "Halal diet" trays to Muslim and MSTA inmates at the ISP that contain no pork products. The Plaintiffs allege that on one occasion they received Halal diet trays containing pork. They attach to their complaint grievances that they filed and grievance responses they received. Johnson-Bey stated in his grievance that:

> Today, 4/8/09 while eating on the diet line for my "Halal" diet, as I am of the Muslim belief, the Aramark staff made [a] mistake & served myself, along with other Muslims in the line "pork" ham for lunch. Being of the Islamic faith, it is against our religion to consume pork products in any form, this is the purpose for receiving "Halal" trays in the first place. This is negligence in its highest form & cannot & will not be delt (sic) with lightly. Staff, officer Springfield Supvs. Donna Russell, Malinda Mann & Barny Turnupseed all confirmed the negligence & tried to apologize. There is not suppose[d] to be any pork products within the facility, how is it that a Muslim ends up with it on his tray?
> * * *
> STATE RELIEF THAT YOU ARE SEEKING. Damages for Mental Anguish.

(DE 1-2 at p. 9).

In his grievance, Putman-Bey stated:

I spoke with the above staffs (sic) about Aramark feeding

> us pork ham for lunch and told them it was against our
> religion to eat or have any dealings with pork.  The
> above staffs (sic) and Aramark work[er] Malinda Mann all
> confirmed it was negligent and tried to apologize.  If
> pork [is] not supposed to be in the facility, how did it
> get on the Muslim's trays?
>                         * * *
> On 4-8-09 about 10:30 or 11:00 a.m. Aramark staff served
> myself along with some more Muslims Pork Ham, which is a
> serious violation to our religion and this negligen[ce]
> also cause me a serious migraine.  I must know how did
> pork end up on the muslim's trays without [being]
> noticed? This is more than a[n] error it's an issue.
>
> STATE RELIEF THAT YOU ARE SEEKING. Whatever the sanction
> is for negligent [behavior] as bad as the above.

(DE 1-2 at 3). In his response to these grievances, Food Service Supervisor W. Peeples "stated he apologizes for the mix up with the pork ham.  It will not happen again while he is at the Indiana State Prison." (DE 1-2 at 2 and 4).

A prison policy of either actually or constructively denying a pork-free diet to Muslim inmates violates their First Amendment rights. *Hunafa v. Murphy*, 907 F.2d 46 (7th Cir. 1990). But the Plaintiffs do not assert that the Defendants had a policy of denying them a pork-free diet.  Indeed, they state in their complaint that the ISP had a policy that MSTA members were to receive a pork-free diet.  The Plaintiffs' sole allegation is that at one meal, on April 8, 2009, pork appeared on their lunch trays. Indeed, they do not specifically allege they all actually ate the pork that was served to them.

Nor do the Plaintiffs allege that the Aramark Defendants intentionally served them pork on April 8, 2009.  In his grievance,

9

Johnson-Bey states that "Aramark staff made [a] mistake" and placed pork on the Halal trays, and refers to their actions as "negligence in its highest form." (DE 1-2 at 2). Putman-Bey complains only of Aramark employees' "negligent" behavior and states that in their response to the plaintiff's institutional complaints, "all [Aramark employees) confirmed it was negligent and tried to apologize." (DE 1-2 at 3).

Negligence generally states no claim upon which relief can be granted in a section 1983 action. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1993) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005) ("[w]hen access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs.").

In *Chase v. Quick,* 596 F.Supp. 33, 34 (D.R.I. 1984), the court dealt with a claim by Muslim inmates that pork occasionally appeared on their meal trays. The court concluded that this allegation stated no claim upon which relief can be granted because "there is nothing to suggest that these occurrences are other than episodic and unintentional (if negligent)." *Id.* at 34.

A Muslim or MSTA inmate has a right to a nutritional non-pork diet. But the Plaintiffs' complaints and their attachments establish that ISP and Aramark officials have a policy to provide them with a diet that comports with their religion and that the Defendants did not deliberately deviate from that policy. Even accepting the Plaintiff's allegations as true, the mere fact that on one occasion their meal trays inadvertently contained a pork product demonstrates, at most, negligence on the part of ISP food service personnel.

This court can find no authority holding that a single instance of being fed pork violated MSTA inmates' First Amendment right to freedom of religion or their Fourteenth Amendment equal protection rights, particularly where inclusion of pork was inadvertent. While being provided with diet trays containing pork for one meal on April 8, 2009, may have annoyed and inconvenienced the Plaintiffs, this isolated negligent act of Aramark employees cannot support a claim that the Plaintiffs were denied their First Amendment right to freedom of religion or a claim that the food service personnel violated the Fourteenth Amendment's equal protection clause.

CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. section 1915A(b), the Court **DENIES** the Plaintiffs' request to allow this

11

case to proceed as a class action, **DISMISSES** these complaints and **DIRECTS** the Clerk to close the Plaintiffs' cases.

**DATED: October 20, 2008**     /S/RUDY LOZANO, Judge
                                **United States District Court**